(C.D. 3155)

LYONS EXPORT & IMPORT, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 16, 1967)

*Mayer, Friedlich, Spiess, Tierney, Brown & Platt* (*Richard A. Miller* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before WATSON and BECKWORTH, Judges, and OLIVER, Senior Judge

OLIVER, Judge: The protests consolidated for trial in this case cover four separate informal entries (Customs Forms 5119 and 5119-A) of magnetic tape recordings entered at the port of Chicago on various dates in August 1963. Each entry is stamped "Paid" with the date of entry repeated thereon (in the case of entry number 50750 the day after entry). No liquidation dates are disclosed. In each instance, a protest was filed with the collector of customs at Chicago on August 11, 1964.

According to section 16.12(b)(1) of the Customs Regulations (19 CFR 16.12(b)(1)),[1] the effective date of liquidation of informal entries is the date of payment of the duties listed thereon. It appears, therefore, that in each case the protest was filed significantly after the limitation period provided for in section 514 of the Tariff Act of 1930. Although neither party has raised the issue, the court must always be cognizant of, and pass upon, its jurisdictional power to entertain causes. *S. Stern & Company v. United States*, 51 CCPA 15,

[1] Such regulation was in effect at the times of the entries involved herein.

C.A.D. 830. It is particularly unfortunate that plaintiff must fail in this situation where the Government has conceded the merits of plaintiff's substantive claim. Nevertheless, lacking jurisdiction to review the collector's action, we are constrained, *sua sponte*, to dismiss each protest as untimely. Judgment will issue accordingly.